Andrew L. Rempfer
Nevada Bar No. 8628
Joseph N. Mott
Nevada Bar No. 12455
LAW OFFICES OF STEVEN J. PARSONS
7201 W Lake Mead Blvd Ste 108
Las Vegas NV 89128-8354
(702) 384-9900
(702) 384-5900 – fax
Andrew@SJPlawyer.com
Joey@SJPlawyer.com

Mary H. Kinas
Nevada Bar No. 10644
KINAS LAW OFFICES PLLC
6069 S Fort Apache Rd Ste 100
Las Vegas, NV 89148
mhk@kinaslawoffice.com

*Attorneys for Plaintiff*
*John Willoughby*

Berna L. Rhodes-Ford, Esq.
Nevada Bar No. 7879
RHODES-FORD & ASSOCIATES, P.C.
8485 W. Sunset Road, Suite 106
Las Vegas, NV 89113
Telephone: (702) 684-6262
Facsimile: (702) 534-4000
Email:  berna@rhodesford.com

Janice P. Brown, Esq. (Bar No. 114433)
Appearing *pro hac vice*
brown@brownlawgroup.com
Stacy L. Fode, Esq. (Bar No. 199883)
Appearing, *pro hac vice*
fode@brownlawgroup.com
Travis K. Jang-Busby, Esq. (Bar No. 283256)
Appearing, *pro hac vice*
busby@brownlawgroup.com
BROWN LAW GROUP
600 B Street, Suite 1650
San Diego, California 92101
Telephone:  (619) 330-1700
Facsimile:  (619) 330-1701

*Attorneys for Defendant*
*United Parcel Service, Inc.*

/ / /

/ / /

/ / /

**STIPULATED [PROPOSED PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN WILLOUGHBY, an individual,<br>Plaintiff,<br>v.<br><br>UNITED PARCEL SERVICES, INC.,<br>a foreign corporation; EMPLOYEES(S)<br>AGENT DOES through V, inclusive;<br>and ROE ENTITIES through v,<br>inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-00140-JAD-CWH<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER (FED. R. CIV. P. RULE 26(C))** |

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties, JOHN WILLOUGHBY ("Plaintiff") and UNITED PARCEL SERVICE, INC. ("Defendant") hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that confidential information exchanged in discovery and possibly submitted by the Parties in the above-referenced case is not disclosed or used for any purpose outside of the above captioned lawsuit. Accordingly, the Parties hereby stipulate, subject to approval and entry by the Court, to the following:

**I.    DEFINITIONS AND TERMS**

1. "Action" means "John Willoughby v. United Parcel Services, Inc."

2. "Confidential Information" means any document, information, or material, which the Producing Party or protected person reasonably believes not to be in the public domain and reasonably believes contains a proprietary or confidential information, or information to which an individual or company has an established and legitimate right to privacy or confidentiality, including but not limited to any document, video, information, or material contained in any third party personnel file, medical records, confidential records, corporate records,

investigative files or documents, financial records, donor lists, commercial or trade secret information of a sensitive and/or proprietary nature, competitive information and income tax records or information. "Disclosed" is used in its broadest sense and includes, inter alia, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

3. "Discovery Material(s)" means any Confidential Information presented in documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any Party.

4. "Document" is defined as the term is used in Federal Rule of Civil Procedure 34."

5. "Expert" is defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

6. "House Counsel" means attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

7. "Non-Party" is any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action. "Outside Counsel of Record" means attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

8. "Party" is any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

9. "Producing Party" is a Party or Non-Party that produces Discovery Material in this Action.

10. "Professional Vendors" are persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

11. "Under seal" is defined as sealing confidential documents consistent with the procedure laid out by the Federal Rules for Sealing and Redacting Court Records. In the event that the Clerk's office publishes a new procedure for the filing of documents under seal, the Parties may follow said published procedure.

12. "Expert" is defined as a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

13. "Receiving Party" is a Party that receives Discovery Material from a Producing Party.

## II. TYPES OF MATERIALS THAT MAY BE DESIGNATED AS CONFIDENTIAL

Any Discovery Material or Confidential Information, as defined above, may be designated by a Producing Party as "Confidential" under this Order. The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the Producing Party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order. Except with the prior written consent of the Producing Party or by court order or as otherwise compelled by force of law, no Discovery Materials stamped "Confidential" may be disclosed to any person except as permitted in section IV.

/ / /

/ / /

### III. DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL

(a) Designation. A Producing Party may designate as confidential Discovery Materials containing Confidential Information by stamping or otherwise marking the designated material as "Confidential." Any Party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. Each and every deposition transcript shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

For information produced in some form other than documentary and for any other tangible items, that the Producing Party will affix in a prominent place on the exterior of the container or containers in which the information or item is stored

1  the legend "CONFIDENTIAL." If only a portion or portions of the information or
2  item warrant protection, the Producing Party, to the extent practicable, shall
3  identify the protected portion(s).

4       The fact that a document is stamped "Confidential" by one Party shall not be
5  construed as an admission by any other Party that such document is confidential,
6  nor shall it limit or preclude the right of any Party to object to the "Confidential"
7  designation and to file any appropriate motion(s) to determine the propriety of such
8  designation.

9       (b)   Inadvertent Disclosure. If the Producing Party inadvertently fails to
10 stamp or otherwise appropriately designate or list certain documents, material, or
11 information as "Confidential" upon their production or disclosure, such inadvertent
12 failure to designate shall not constitute nor be deemed a waiver of a subsequent
13 claim of protected treatment under this Order.

14      In the event of any Party's inadvertent or unintentional failure to designate
15 protected information "confidential", such omission shall not be deemed a waiver
16 in whole or in part of that Party's claim of confidentiality, as long as the disclosing
17 Party notifies all parties in writing that such protected information constitutes
18 Confidential Information within 7 days after learning that the protected information
19 was inadvertently or unintentionally produced without an appropriate
20 confidentiality designation.

21      (c)   Outside Disclosure. The terms of this Stipulated Protective Order
22 apply, without limitation to all documents and information exchanged between the
23 parties in the course of this litigation, whether or not such documents and/or
24 information were exchanged prior to the entry of this Order and/or were designated
25 as "Confidential." This provision allows a Party to designate a previously produced
26 document as "Confidential."
27 / / /
28 / / /

IV. **OBJECTION TO A DESIGNATION OF DISCOVERY MATERIALS AS "CONFIDENTIAL"**

Any Party may contest a designation of "Confidential" by serving a written objection (by letter to the Designating Party that includes the legal and factual basis for the objection(s)) to the Confidentiality designation at any time up to the discovery cut-off including any continuance thereof. Upon service of such objection, the Parties shall make a good faith effort to resolve the issue informally. If that effort fails, the confidentiality designation shall expire unless, within thirty days of service of the objection, or such additional time as may be agreed upon the Parties, the Party seeking confidentiality applies to the Court for an order designating the document or information confidential. If such an application is made, the document or other information marked "Confidential" which is in dispute shall remain "Confidential," as the case may be, until the dispute is resolved by and between or among the parties and so confirmed in writing or, if necessary, until order of the Court. On any such application, whether by noticed motion or ex parte application, the proponent of confidentiality shall have the burden of showing, by a preponderance of the evidence, good cause for the claimed protection. The Court shall have the authority to award sanctions on any such application or motion.

V. **PERMISSIBLE USE OF "CONFIDENTIAL" INFORMATION, DOCUMENTS, OR MATERIALS**

(a) <u>Basic Principles.</u> A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section VI below.

1    Confidential Material must be stored and maintained by a Receiving Party at
2 a location and in a secure manner that ensures that access is limited to the persons
3 authorized under this Order.
4    (b)   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless
5 otherwise ordered by the court or permitted in writing by the Designating Party, a
6 Receiving Party may disclose any information or item designated
7 "CONFIDENTIAL" only to:
8      i.   the Receiving Party's Outside Counsel of Record in this Action, as
9 well as employees of said Outside Counsel of Record to whom it is reasonably
10 necessary to disclose the information for this Action;
11     ii.   the officers, directors, and employees (including House Counsel) of
12 the Receiving Party to whom disclosure is reasonably necessary for this Action;
13    iii.   Experts (as defined in this Order) of the Receiving Party to whom
14 disclosure is reasonably necessary for this Action and who have signed the
15 "Acknowledgment and Agreement to Be Bound" (Exhibit A);
16     iv.   the court and its personnel;
17      v.   court reporters and their staff;
18     vi.   professional jury or trial consultants, mock jurors, and Professional
19 Vendors to whom disclosure is reasonably necessary for this Action and who have
20 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
21    vii.   the author or recipient of a document containing the information or a
22 custodian or other person who otherwise possessed or knew the information;
23   viii.   during their depositions, witnesses ,and attorneys for witnesses, in the
24 Action to whom disclosure is reasonably necessary provided: (1) the deposing
25 Party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)
26 they will not be permitted to keep any confidential information unless they sign the
27 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
28 agreed by the Designating Party or ordered by the court.  Pages of transcribed

deposition testimony or exhibits to depositions that reveal Confidential Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

ix. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VI. **MISCELLANEOUS**

1. The provisions of this Agreement shall not terminate at the resolution of this matter. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2. Within sixty (60) days after the final conclusion of this matter, documents stamped "Confidential" and all copies of such documents, other than exhibits of record, shall be destroyed or returned to the Party who produced the documents and designated them as "Confidential."

3. Nothing in this Agreement shall prevent any Party or other person from seeking modification of this Agreement or from objecting to discovery that it believes to be otherwise improper. This Agreement, however, shall not be modified absent an order of the court or the written agreement of all the Parties hereto.

/ / /

/ / /

/ / /

/ / /

/ / /

4. Any violation of this Order may be punished by any and all appropriate measures, including without limitation, contempt proceedings, and/or monetary sanctions.

LAW OFFICES OF STEVEN J. PARSONS
KINAS LAW OFFICES PLLC


  /s/ Andrew L. Rempfer
ANDREW L. REMPFER
Nevada Bar No. 8628
Mary H. Kinas
Nevada Bar No. 10644

Attorneys for Plaintiff
JOHN WILLOUGHBY


RHODES-FORD & ASSOCIATES, P.C.
BROWN LAW GROUP

  /s/  Berna L. Rhodes-Ford
RHODES-FORD & ASSOCIATES, P.C.
Berna L. Rhodes-Ford, Esq.
Nevada Bar No. 7879
BROWN LAW GROUP
Janice P. Brown, Esq.
(Bar No. 114433)
Appearing *pro hac vice*
Stacy L. Fode, Esq.
(Bar No. 199883)
Appearing *pro hac vice*

/ / /

/ / /

[continued on next page]

1  Travis K. Jang-Busby, Esq.
2  (Bar No. 283256)
   Appearing *pro hac vice*
3
4  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.
5
6
7  APPROVED:
8  DATED: June 2, 2016
9
10
11  _____
12  UNITED STATES ~~DISTRICT JUDGE~~
                  MAGISTRATE JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-11-

**STIPULATED** [PROPOSED] **PROTECTIVE ORDER**

# EXHIBIT "A"
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____ in the case of "John Willoughby v. United Parcel Services, Inc."  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____