# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN WILLOUGHBY, | |
| Plaintiff, | Case No. 2:16-cv-00140-JAD-CWH |
| vs. | **ORDER** |
| UNITED PARCEL SERVICE, | |
| Defendant. | |

This matter is before the Court on Defendant United Parcel Services' ("UPS") Application for Fees (ECF No. 42), filed on October 11, 2016. The Court also considered Plaintiff John Willoughby's Response (ECF No. 44), filed on October 28, 2016, and UPS's Reply (ECF No. 48), filed November 7, 2016.

## BACKGROUND

This matter involves an employment dispute resulting from Willoughby's termination by UPS for alleged misconduct. Willoughby alleges that his termination was the result of unlawful race discrimination. On August 8, 2016, UPS filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 30(d)(2) for Willoughby's counsel's conduct at his deposition. (ECF No. 33). The Court conducted a hearing on September 26, 2016, and granted UPS's motion, finding that Willoughby's counsel had improperly disrupted the deposition, and ordered, among other things, that he be sanctioned and required to pay UPS a total of 22.9 hours of attorney fees. (ECF No. 39). The Court ordered the parties to meet and confer regarding the hourly rate to be used in calculating the sanctions amount and, if counsel were unable to reach a resolution, UPS was to file an application for fees. (*Id.*) The parties were unable to resolve the issue, and so the matter is now before the Court. UPS requests a total of $8,418.00 at the rate of $360.00 per hour.[1]

---

[1] The Court also awarded the costs of court reporter for the subsequent deposition, which was $174, and is not in dispute.

**DISCUSSION**

**A. Reasonableness of the Fee Request**

To determine a reasonable attorney's fee, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008), *overruled on other grounds by Arizona v. ASARCO, LLC*, 773 F.3d 1050 (9th Cir. 2014). The resulting figure is referred to as the "lodestar," and this amount is a presumptively reasonable fee. *Id.* Although presumptively reasonable, the Court may adjust the lodestar "to account for factors not already subsumed within the initial lodestar calculation." *Id.* Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales v. City of San Rafael*, 96 F.3d 359, 364 n.8 (9th Cir. 1996) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Trial courts have broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

**B. Reasonable Hours Expended**.

A reasonable number of hours expended means the number of hours an attorney reasonably could have billed to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). If the Court determines some requested fees should be excluded as unreasonable, the Court may exclude billed entries pursuant to an hour-by-hour analysis. *Id.* at 1203. The Court may exclude hours that are not reasonable due to overstaffing, duplication of effort, excessiveness, and otherwise unnecessary to the issue. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The prevailing party bears the burden of submitting billing records to establish that the hours requested are reasonable. *Gonzalez*, 729 F.3d at 1202.

Here, the Court previously determined, after reviewing the billing invoices submitted by UPS in its motion for sanctions, that the reasonable hours expended in this matter is 12.9 hours

associated with the terminated deposition and 10 hours associated with bringing the motion for sanctions. (Minutes of Proceedings (ECF No. 39).) The Court computed the hours as follows. The invoice presented by UPS included deposition preparation time, but the Court did not sanction counsel for that work because it would have been done regardless of the outcome of the deposition. Beginning on July 15, 2016, the day of the deposition, the Court found that, as to Ms. Brown's billed hours, UPS should be reimbursed for .5 hour of the 3.5 hour deposition, and .4 hour revising a letter on July 28, 2016 regarding the dispute, for a total of .9 hour. (*See* Invoice, (ECF No. 33-2) at pp. 41-43.) The remaining 12 hours on that invoice to be reimbursed were performed by Mr. Jang-Busby. (*Id*.) Additionally, all of the subsequent work to bring the motion for sanctions, for which the court awarded 10 hours,[2] was performed by Mr. Jang-Busby, for a total of 22 hours. (*Id*. at p. 44.)

### C. Reasonable Hourly Rate

The Court determines a reasonable hourly rate by reference to the "prevailing market rates in the relevant community" for an attorney of similar experience, skill, and reputation. *Gonzalez*, 729 F.3d at 1205. The relevant community generally is "the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (quotation omitted). In determining a reasonable hourly rate, the court may consider "the fees awarded by other judges in the same locality in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The party seeking fees bears the burden of producing satisfactory evidence to justify the requested rate. *Gonzalez*, 729 F.3d at 1206.

Here, UPS submitted a declaration by Ms. Brown that her normal hourly rate is $475, and that Mr. Jang-Busby's normal hourly rate is $260 per hour. This San Diego based firm bills UPS a blended rate of $360. Additionally, UPS provided a statement from Ms. Rhodes-Ford, local counsel in this matter, that the requested hours are commensurate with the Nevada market, and that

---

[2] Although UPS invoiced a total of 21.6 hours for this task, the Court considered that amount of time to be excessive because some of it was unnecessary and the question was neither novel nor difficult to evaluate, and therefore reduced the awarded time to 10 hours.

in her opinion, in similar firms in Nevada, associates bill from $240 to $370, and partners bill from $400 to $495.  Willoughby argues that the San Diego rates are inflated, and that a reasonable rate for Mr. Jang-Busby is, at best, $250, and that a rate determination for a partner could be as much as $450.  Based upon Ms. Brown's years of experience, reputation, and accomplishments, the Court has no difficulty finding that her hourly rate of $475 is reasonable.  Assigning a rate of $250 for Mr. Jang-Busby, a fourth year associate, is also reasonable.   In the context of this particular motion for sanctions, the Court declines to award the blended $360 rate because the vast majority of the work, 22 of 22.9 hours, was actually performed by Mr. Jang-Busby.

Applying these findings, UPS is entitled to an award of $6,101.50, computed as $5500 for Mr. Jang-Busby ($250 for 22 hours), $427.50 for Ms. Brown ($475 for .9 hours), and $174 for court reporter costs.

**IT IS THEREFORE ORDERED** that UPS's Request for Attorney's Fees (ECF No. 42) is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that counsel for Plaintiff Willoughby shall pay UPS the total sum of $6,101.50 at the conclusion of the case.

DATED: February 15, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**